IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE BAYLIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SCANTEK, INC. | : | NO. 24-828 |

MEMORANDUM

Bartle, J.                                                   September 17, 2024

Pro se plaintiff Stephanie Baylis worked for Scantek, Inc. from June 2022 until her resignation in February 2023.  She has sued Scantek, alleging that it discriminated against her on the basis of her disability and that it failed to accommodate her pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

Before the court is the motion of defendant Scantek, Inc. to dismiss the complaint for failure to state a claim (Doc. # 13).

I

For present purposes, the Court must accept as true all well-pleaded facts in plaintiffs' complaint.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Court may also consider "exhibits attached to the complaint and matters of public record."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and

Procedure § 1357 (2d ed. 1990)).  When there is a document
"integral to or explicitly relied upon in the complaint," it may
also be considered as there is no concern of lack of notice to
the plaintiff.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d
Cir. 2014) (quoting In re Burlington Coat Factory Secs. Litig.,
114 F.3d 1410, 1426 (3d Cir. 1993) (quotation marks omitted)).

The complaint must plead more than "labels and
conclusions."  Twombly, 550 U.S. 545.  It must plead more than
"a formulaic recitation of the elements of a cause of action" or
"naked assertions devoid of further factual enhancement."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly,
550 U.S. at 555) (internal quotations and alterations omitted).
Instead, it must recite sufficient factual content to state a
claim that is plausible on its face.  Id. at 678.

When a plaintiff proceeds pro se, their pleadings are
liberally construed but must allege sufficient factual matter to
support their claims.  See Rivera v. Monko, 37 F.4th 909, 914
(3d Cir. 2022).

II

According to the complaint, Baylis was hired as a
scanner by Scantek, Inc. on or about June 2022.  She has asthma
and a heart condition.  In February 2023, her manager, Seth
Schuchman, directed her to report to the first floor for

-2-

approximately two weeks for training.  After the two weeks

elapsed, she was not directed to move back to the second floor.

On February 24, 2023, Baylis encountered an employee

who smelled of smoke.  This triggered "her disabilities."  She

informed Schuchman of this reaction, and he replied that she

would be moved back to the second floor.

On February 28, 2023, Baylis returned to work and

texted Schuchman to remind him of her need to return upstairs.

However, he failed to do so that day.  That afternoon, Baylis

encountered the same employee that smelled of smoke.  As a

result of this reaction, she needed to go to the hospital

emergency room.

Upon Baylis's return to work, she resigned because

Schuchman had failed to move her back to the second floor.  She

notes that she is aware of a disabled co-worker Schuchman failed

to accommodate in a timely manner.

Baylis filed a charge of discrimination with the Equal

Employment Opportunity Commission ("EEOC") on November 3, 2023.

On November 27, 2023, the EEOC provided Baylis with a notice of

her right to sue.  She timely filed her complaint in this court

on February 23, 2024.

III

Baylis first alleges that defendant failed to accommodate her disability.  A plaintiff alleges a prima facie claim of an employer's failure to accommodate her disability when defendant is an employer covered by the ADA,[1] plaintiff is disabled within the meaning of the ADA, plaintiff can perform the essential functions of the job with or without reasonable accommodation, and the defendant knew of her disability and failed to provide her with a reasonable accommodation.  Ruggiero v. Mount Nittany Med. Ctr., 736 F. App'x 35, 39 (3d Cir. 2018). An employer will usually need to initiate an interactive process with its employee in order to determine what reasonable accommodation should be provided.  Id.

Defendant argues that Baylis failed to plead both that she was disabled within the meaning of the ADA and that defendant did not participate in a good faith negotiation process.

Baylis, as noted above, avers that she has a heart condition and asthma.  Asthma is considered a disability under the ADA where it severely impairs a person's respiratory capacity.  Defendant argues that she has not alleged a disability pursuant to the ADA because she does not provide any

---

1.   The definition of such an employer is based on number of employees.  See 42 U.S.C. § 12111(5).

details regarding her asthma diagnosis, whether she takes

medications to control the condition, or how severe such

condition is.  See, e.g., Mundy v. City of Pittsburgh, Civ. A.

No. 22-31, 2022 WL 2068586, at *5-6 (W.D. Pa. June 8, 2022).

Defendant asserts that she pleads that her asthma is

"intermittent" and therefore cannot constitute a disability

under the ADA.

In Mundy, plaintiff took FMLA leave in connection with

her exposure to smoke at her workplace, though plaintiff does

not identify any specific instances during which she was

injured.  Id. at *1. The court determined that these allegations

did not show whether her condition "severely impairs her

respiratory capacity as compared to an average person in the

general population" and that her complaint failed to provide any

information regarding her diagnosis, medications, or severity.

Id. at *6.

In her complaint, Baylis has detailed two specific

instances where she was exposed to a person who had recently

smoked.  In the first instance, she suffered "a bad health

reaction to the smoke and [her] proximity to it."  The second

time she was exposed to this employee, she avers that she went

to the emergency room and was able to provide a doctor's note

from the hospital.  Although she does not recite her specific

diagnosis, taking the facts in the light most favorable to her,

it is clear that she suffered a more severe reaction than those
in the general public.  Her allegations are far more specific
than those in Mundy and are sufficiently pleaded.

In addition, defendant avers that she has failed to
allege that defendant did not participate in a good-faith
process.  In support of its argument, it cites Belles v. Wilkes-
Barre Area School District, which held that the plaintiff had
not demonstrated that defendant failed to engage in a good faith
negotiation process although it had taken one hundred days to
respond to plaintiff's request for an accommodation.  843 F.
App'x 437, 438-39 (3d Cir. 2021).  That case was decided on
summary judgment and relied on the fact that plaintiff quit mere
hours prior to his first discussion with the defendant regarding
his requested accommodation.  Id. at 439.

It is true that Baylis's manager stated that he would
move her back to the second floor.  However, he failed to do so
within the relevant period.  In addition, she was aware that he
had previously failed to act on requests for accommodations made
by a co-worker, who happens to be her daughter.  Although her
manager did say that he was approving Baylis's accommodation, he
had failed to act on it prior to her resignation.  Again,
viewing the complaint in the light most favorable to Baylis, she
has stated a claim upon which relief may be granted.

-6-

IV

Baylis next asserts that defendant discriminated
against her on the basis of her disability.  To state a claim of
disability discrimination under the ADA, she must allege: (1)
she is disabled under the meaning of the ADA; (2) she is
otherwise qualified to perform the essential functions of the
job, either with or without a reasonable accommodation; and (3)
she suffered an adverse employment decision due to the
discrimination.  See Shaner v. Synthes (USA), 204 F.3d 494, 500
(3d Cir. 2000).  Defendant argues she fails to plead that she is
disabled under the meaning of the ADA and that she suffered an
adverse employment action.

The court has already concluded that Baylis has
sufficiently alleged that she is disabled under the ADA.  It
turns to defendant's argument that she has failed to allege that
her resignation constitutes constructive discharge.

To determine if plaintiff has pleaded a constructive
discharge, courts consider whether a reasonable jury could find
that the employer permitted "conditions so unpleasant or
difficult that a reasonable person would have felt compelled to
resign." Duffy v. Paper Magic Grp., Inc., 265 F.3d 163, 167 (3d
Cir. 2001) (quoting Connors v. Chrysler Fin. Corp., 160 F.3d
971, 974 (3d Cir. 1998)).  To be considered a constructive
discharge, a voluntary decision to resign must be "informed,

free from fraud or misconduct, and made after due deliberation."

Embrico v. U.S. Steel Corp., 245 F. App'x 184, 187 (3d Cir.

2007) (quoting Baker v. Consol. Rail Corp., 835 F. Supp. 846,

852 (W.D. Pa. 1993)).

A court may consider whether the employer has

threatened the employee with discharge, urged or suggested she

resign or retire, demote the employee, reduce the employee's pay

or benefits, transfer her to a less desirable position, alter

her job responsibilities, or give unsatisfactory job

evaluations.  See Colwell v. Rite Aid Corp., 602 F.3d 495, 503

(3d Cir. 2010).  An employer's failure to accommodate may lead

to an inference of constructive discharge.  Pagnonakis v.

Express LLC, 315 F. App'x 425, 430 n.4 (3d Cir. 2009).

Defendant emphasizes that Baylis's resignation

occurred between four to seven days after she requested her

accommodation.  However, there is no requirement that a

resignation happen only after a long period of time.  In Sorgini

v. Wissahickon School District, the court held that plaintiff

alleged that he had been constructively discharged where only

three days elapsed from the first discriminatory action

plaintiff alleged.  274 F. Supp. 3d 291, 297-98 (E.D. Pa. 2017).

According to the allegations in Baylis's complaint,

she requested a reasonable accommodation on February 24, 2023

because of a serious health condition.  The following week, she

still had not been moved.  She reminded her manager of her
reasonable accommodation request.  She further explains in her
opposition that she drafted her resignation letter on March 2,
2023 because of her manager's failure to timely move her before
suffering a second asthma attack and because she knew that her
manager had previously failed to timely respond coworkers'
requests for reasonable accommodations.  She attached the EEOC
complaint of Ayanna Brabham, her co-worker and daughter, to her
EEOC complaint as evidence of Schuchman's failure timely to
accommodate.

Her manager not only had transferred her to a more
undesirable working location but also had failed to return her
in a timely manner to a workspace that was not dangerous to her
health.  Although only approximately a week had elapsed between
Baylis's first injury and her resignation, she has undoubtedly
pleaded unsafe conditions, as she had experienced two asthma
attacks, one of which she required emergency medical care for.
She has sufficiently alleged that her resignation was a
constructive discharge.

For these reasons, defendant's motion to dismiss will
be denied.